## William Bigbee v. Robert E. Bigbee.

*Specific performance—Pleading—Averments of payment to defendant.*

A bill for the specific performance of a parol agreement to convey land sufficiently avers payment to the defendant if it avers payment to a third person, under the arrangement, and the proofs show that it was so made by defendant's direction and for his benefit.

The disposition of an appellate court in chancery to be governed by the conclusions of a trial judge who has heard the witnesses examined in open court, is fortified where the record tends to show that the demeanor of the witnesses was of some importance in determining what reliance should be placed upon their statements.

Appeal from Lake.   (Judkins, J.)   April 19.—April 25.

Specific performance.   Defendant appeals.   Affirmed.

*C. M. Beardsley* for complainant.

*White & McMahon* for defendant.

Campbell, J.   Complainant filed his bill to obtain specific performance of a parol agreement to convey forty acres of land, for which he claims to have paid one hundred dollars to John Bigbee, a brother of defendant, under the arrangement.   It may be remarked here that if the agreement is otherwise made out it does not occur to us that this payment was not properly averred in setting out the contract as a payment to be made to defendant and so made in fact. If made to John for his benefit and by his direction, it was in law a payment to defendant.

The part performance consisted, as alleged, in addition to this payment, of possession and improvements.

Upon the testimony there can be no doubt of the payment to John, and none of sufficient acts of part performance, in case there was a contract.   There is positive evidence of the agreement, and in our opinion the circumstances corroborate it.   Defendant himself says complainant

was to have the use of the land, and on various occasions acted as if he had at least a valuable interest in it. Defendant's wife indicates distinctly that the claim was set up early, and that complainant paid the $100 to John for John's interest in defendant's land, and this forty acres was the land referred to, which originally was to have belonged to John and was practically turned over by his consent to complainant. It was assessed to complainant by defendant when supervisor, as well as by other assessing officers.

There is some conflict in regard to a considerable part of the facts, but we think the complainant has made out his case by sufficient proof and is entitled to his decree. The judge below who saw the witnesses and heard them testify came to that conclusion. There are many things appearing in the minutes which tend to show that the demeanor of the witnesses was of some importance in determining what reliance should be placed on their statements.

We are of opinion that the decree should not be disturbed, and it must be affirmed with costs.

The other Justices concurred.